UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CHRISTOPHER DOYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:11-cv-371 |
| v. | ) |
| | ) *Mattice / Lee* |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) [Doc. 18].[1] Plaintiff has submitted a memorandum in support as well as an affidavit and an itemized record of the time spent by his counsel on this case [Docs. 19 & 20]. Defendant has filed a response stating he has no objection to Plaintiff's motion [Doc. 21].

**I.   ENTITLEMENT TO FEES**

In order to recover attorney's fees under the EAJA, four conditions must be met: (1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action; (3) no special circumstances warranting denial of fees may exist; and (4) the government's position must be without substantial justification. 28 U.S.C. §2412(d); *see also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). There is no dispute that Plaintiff is a prevailing party. *See Shalala v. Shaefer*, 509 U.S. 292, 302 (1993) ("A sentence-four remand, of course, is a judgment *for* the plaintiff."). Second, Plaintiff's motion is timely. *See* Fed. R. App. P. 4(a)(1)(B),

---

[1] This matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b). *See In re: Referral of Social Security Cases*, SO-09-01 (Feb. 2009).

(a)(7); *Schaefer*, 509 U.S. at 298 (*quoting Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)). Third, Defendant bears the burden of proof to show his position was substantially justified, *Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006), and Defendant has declined to attempt any such showing. And fourth, in the absence of any opposition from Defendant, the Court finds no special circumstances warranting denial of fees. I therefore **CONCLUDE** Plaintiff is entitled to an award of reasonable attorney's fee. *See* 28 U.S.C. § 2412(d)(2)(A) ("'fees and other expenses' includes . . . reasonable attorney fees").

## II.   AMOUNT OF FEES

An attorney fee award under the EAJA cannot exceed $125 per hour unless justified by increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). Plaintiff seeks fees at an hourly rate of $125.00 for a total of 17.2 hours of work. Plaintiff also seeks $17.37 in costs expended to serve process. I **RECOMMEND** Plaintiff be awarded attorney's fees in the amount of $125.00 per hour for 17.2 hours of attorney time (which equals $2,150.00) and costs in the amount of $17.37, for a total of **$2,167.37**. The award should be paid directly to Plaintiff. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 448-49 (6th Cir. 2009) ("Like the Fourth, Tenth, and Eleventh Circuits, we are persuaded by the plain language of the EAJA and conclude that the prevailing party, and not her attorney, is the proper recipient of attorney fees under the EAJA.").

### III. CONCLUSION

Accordingly, I **RECOMMEND**[2] Plaintiff's motion for attorney's fees under the EAJA [Doc. 18] be **GRANTED** and that Plaintiff be awarded fees in the amount of **$2,167.37**.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

3